SCOTT KEITH WILSON, Acting Federal Public Defender (#7347)
BENJAMIN C. McMURRAY, Assistant Federal Public Defender (#9926)
FEDERAL PUBLIC DEFENDER OFFICE
Attorneys for Petitioner
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060
Benji_McMurray@fd.org

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD HAND,<br>      Petitioner,<br><br>vs.<br><br>SHANE NELSON, Warden<br>      Respondent. | **RESPONSE TO<br>ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-cv-00365-JNP<br><br>Judge Jill Parrish |

Petitioner Ronald Hand, through counsel, hereby submits this further briefing in response to the court's November 6, 2018 order. The order asked Mr. Hand to address three questions so that this court could determine whether to stay the case under *Rhines v. Weber*, 544 U.S. 269 (2005). In light of the State's stipulation and the following discussion, a stay under *Rhines* is appropriate at this juncture.

**Question 1:** "Is Mr. Hand's petition a mixed petition that contains both exhausted and unexhausted claims?"

**Response:** Mr. Hand's petition is a mixed petition. In his amended petition, Claim 3, part 1, raises a claim that was also addressed in the petition for certiorari Mr. Hand submitted to the Utah Supreme Court on April 13, 2016. *See* "Petition for Writ of Certiorari to the Utah Court of Appeals," Case No. 20160293-SC (Utah April 13, 2016). Specifically,

both claims focus on the failure to investigate the complainant's forensic interview and assert that this failure was ineffective assistance of counsel that prejudiced Mr. Hand. Having "fairly presented" that claim to the Utah Supreme Court, it is exhausted. *See, e.g.*, *Parkhurst v. Shillinger*, 128 F.3d 1366, 1368 (10th Cir. 1997) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

**Question 2:** "If Mr. Hand's petition asserts only unexhausted claims, is there any legal basis to stay these proceedings rather than dismiss the petition without prejudice?"

**Response:** Because Mr. Hand's petition is mixed and contains an exhausted claim, this legal question need not be answered here. That said, the Tenth Circuit has recognized that a "district court ha[s] discretion to consider a *Rhines* stay even [when a] petitioner file[s] an unmixed petition." *See Doe v. Jones*, 762 F.3d 1174, 1178–81 (10th Cir. 2014).

**Questions 3:** "Is there good cause for Mr. Hand's failure to exhaust, are his unexhausted claims potentially meritorious, and is there an absence of any indication that he engaged in intentionally dilatory litigation tactics such that this court should stay these proceedings rather than dismiss the petition without prejudice?"

**Response:** This question has three subparts, and they will be addressed in order.

<u>Mr. Hand has good cause for failure to exhaust.</u> Before counsel's participation in this case, Mr. Hand had already filed his first §2254 habeas petition in this court pro se. And again acting pro se, he also filed a practically identical §2254 petition in state court. However, he dismissed it voluntarily before any examination of its merits because he was confused by procedural issues. Once present counsel became involved, new claims were identified and presented in the amended petition in this court and in a timely petition filed in state court. This state petition was filed on September 7, 2017, near the end of the period in which a timely state petition could be filed. However, though timely filed, that state court

petition was dismissed by the state district based on the Respondent's argument that Mr. Hand's earlier state pro se petition counted as an "earlier petition" under Utah Code § 78B-9-106(1)(d).

These circumstances give rise to at least two bases of good cause. First, Mr. Hand's pro status during his initial filings itself establishes good cause. *See Dixon v. Baker*, 847 F.3d 714, 720–22 (9th Cir. 2017). Second, beyond his mere pro se status, his confusion about filing requirements also amounts to good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). That confusion, combined with the short time remaining to file a timely federal petition if the present petition were dismissed, provide good cause to stay this petition and thereby guard against the risk of "forever losing his opportunity for federal review." *Doe*, 762 F.3d at 1178–79 (citing *Pace*, 544 U.S. at 416).

<u>Mr. Hand's claims are potentially meritorious</u>: A district court would abuse its discretion if it granted a *Rhines* stay where the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277. This court already addressed this question as an initial matter when it reviewed the petition and ordered the government to respond without dismissing any claims as being facially deficient. Rule 4 of the Rules Governing § 2254 Proceedings ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.") A similar review was conduct in state court on the same claims. *See* U.R.C.P. 66C(h)(1) ("The assigned judge shall review the petition, and, . . . if any claim in the petition appears frivolous on its face, the court shall forthwith issue an order dismissing the claim, stating . . . that the claim is frivolous on its face."). Neither this court nor the state district court dismissed any of the claims as plainly meritless. The two independent reviews of the merits meet the relatively low bar required by *Rhines* and establish that Mr. Hand's unexhausted claims are potentially meritorious.

In light of that independent review, Mr. Hand does not here embark on a third review of the potential merit of his claims. However, if the court now concludes that any of Mr. Hand's claims is facially deficient, Mr. Hand requests the opportunity to further address the potential merit of such claim.

<u>Mr. Hand has not engaged in any intentionally dilatory litigation tactics</u>: The final *Rhines* factor asks whether a petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278. This factor is focused on capital petitioner who "might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." *Id.* at 277–78. Mr. Hand certainly does not fall into that category. Instead, he is one of the many whose "principal interest . . . is in obtaining speedy federal relief on his claims." *Id.* at 277 (citation omitted). There is no evidence of abusive litigation tactics or intentional dilatory behavior on Mr. Hand's behalf. To the contrary, Mr. Hand has been proactive, seeking either to get relief as quickly as possible in state court or to exhaust his claims trying.

## CONCLUSION

In light of the previous stipulation and the discussion above, Mr. Hand has established that a *Rhines* stay is appropriate. He therefore asks that this court stay proceedings in this case and hold them in abeyance while he completes exhaustion of his claims in state proceedings.

RESPECTFULLY SUBMITTED this 3rd day of December, 2018.

*/s/ Benjamin C. McMurray*
BENJAMIN C. McMURRAY
Assistant Federal Defender