IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD HAND,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING A RHINES STAY**<br><br><br>Case No. 2:17-cv-00365-JNP<br><br>Judge Jill N. Parrish |

      Ronald Hand filed a petition for writ of habeas corpus. Before the court is his motion to stay proceedings in this case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) so that he can exhaust some of his claims in state court. [Docket 32]. The court GRANTS the motion and stays this action pending the final resolution of Hand's state court proceedings.

      On February 11, 2016, the Utah Court of Appeals affirmed Hand's state conviction for aggravated sexual abuse of a child. On June 9, 2016, the Utah Supreme Court denied certiorari review. On June 1, 2017, Hand filed a pro se petition for writ of habeas corpus in this court. On June 8, 2017, he also filed a pro se petition for post-conviction relief in state court. He moved to withdraw his state petition on August 9, 2017 because he was confused about procedural issues. The state court granted the motion to withdraw on the same day.

      In August 2017, an attorney from the federal public defender's office began to represent Hand. With the assistance of his attorney, he filed a second petition for post-conviction relief in state court on September 7, 2017.

      Hand's petition for a writ of habeas corpus in this court contains some claims that have been exhausted through his direct appeal from his conviction and other claims that have yet to be

exhausted through his state petition for post-conviction relief. He now moves for a *Rhines* stay so that he can exhaust the remainder of his claims in state court before resolving his federal habeas petition. In *Rhines*, the Court addressed "the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271. The Court held that federal district courts have the discretion to stay a mixed petition rather than dismiss it without prejudice "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The court addresses each of these three requirements below.

## I. GOOD CAUSE FOR FAILURE TO EXHAUST

The Supreme Court did not explain what would constitute good cause for a failure to exhaust in *Rhines*. But the Court later suggested that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Some lower courts have set a high bar for the good cause standard. These courts have held that the good cause standard for a *Rhines* stay is identical to the good cause standard for excusing a procedural default announced in *Coleman v. Thompson*, 501 U.S. 722 (1991). *See Carter v. Friel*, 415 F. Supp. 2d 1314, 1319 (D. Utah 2006); *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1206–07 (C.D. Cal. 2005); *Pierce v. Hurley*, No. 2:05-CV-392, 2006 WL 143717, at *8 (S.D. Ohio Jan. 18, 2006), *report and recommendation adopted,* No. 2:05-CV-392, 2006 WL 1132917 (S.D. Ohio Apr. 24, 2006). Good cause justifying a procedural default under *Coleman* requires the existence of some external impediment to the petitioner's compliance with a procedural rule. 501 U.S. at

753. Under this standard, confusion, inadvertence, or ignorance is not sufficient to show good cause. *Id.*

Other courts have set a lower bar for satisfying the *Rhines* good cause requirement. The Ninth Circuit has held that good cause can easily be established if the petitioner lacked counsel. *Dixon v. Baker*, 847 F.3d 714, 721–22 (9th Cir. 2017). Some courts in this district have cited Ninth Circuit case law with approval, ruling that ineffective assistance of counsel can constitute good cause supporting a *Rhines* stay. *Kell v. Crowther*, No. 2:07-CV-00359-CW, 2017 WL 5514173, at *2 (D. Utah Nov. 16, 2017); *Lafferty v. Crowther*, No. 2:07-CV-00322-DB, 2015 WL 6875393, at *4 (D. Utah Oct. 30, 2015).

This court concludes that the standard adopted by the Ninth Circuit is better reasoned than the older district court rulings that adopted a high bar for the good cause requirement to issue a *Rhines* stay. These older district court rulings from 2005 and 2006 relied upon the strict procedural default standard announced in *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). But the Supreme Court subsequently announced an important caveat to *Coleman*. In *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), the Court held that a petitioner may show good cause to excuse a procedural default if "there was no counsel or counsel in [the state] proceeding was ineffective." This court agrees with the Ninth Circuit that the good cause standard for a *Rhines* stay cannot be more stringent than the good cause standard for a procedural default announced in *Martinez. See Dixon*, 847 F.3d at 721. Indeed, the Supreme Court has indicated that a more lenient standard is appropriate by noting that a "petitioner's reasonable confusion" would ordinarily constitute good cause to grant a *Rhines* stay. *Pace*, 544 U.S. at 416.

In this case, Hand was not represented by counsel when he filed his federal habeas petition before exhausting all of his claims in state court. Because was acting pro se, his confusion

3

regarding technical exhaustion requirements constitutes good cause for his failure to exhaust all of his state claims before filing a petition in federal court. *See Dixon*, 847 F.3d at 721–22.

## II. POTENTIALLY MERITORIOUS

This court may stay Hand's federal petition only if his unexhausted claims are not "plainly meritless" *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The State argues that Hand's unexhausted claims are obviously without merit because they are procedurally barred. As noted above, Hand filed a pro se state petition for post-conviction relief, but then voluntarily dismissed it two months later because he was confused about procedural issues. Soon thereafter, Hand's attorney filed a second state petition for post-conviction relief within the statute of limitations. The state district court dismissed the second petition, citing a Utah statute that states that a person is not eligible for post-conviction relief on any ground that "was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief." UTAH CODE § 78B-9-106(1)(d). The state court reasoned that even though Hand voluntarily dismissed his first petition before it could be addressed on the merits, the first petition constituted a "previous request for post-conviction relief" that forever barred any subsequent claims. The State argues that this ruling establishes that Hand's unexhausted claims are plainly meritless.

But Hand appealed from the district court ruling, and the appeal is currently pending. Moreover, the Utah Supreme Court elected to retain jurisdiction over the case rather than transferring it to the Utah Court of Appeals. The Utah Supreme Court's decision to retain the case suggests that the justices on that court do not view Hand's appeal to be an easy affirmance of the district court's order. Because the Utah Supreme Court likely retained the case to address unresolved questions of law regarding the procedural default issue, this court determines that the

4

claims pending in state court are not plainly meritless. There is a chance that the Utah Supreme Court will disagree with the district court's procedural default ruling. Thus, Hand's unexhausted claims are not plainly meritless.

## III. INTENTIONALLY DILATORY LITIGATION TACTICS

The State concedes that Hand has not engaged in intentionally dilatory tactics.

## CONCLUSION

Hand has established all three of the requirements for a *Rhines* stay. He has shown good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and he has not engaged in intentionally dilatory litigation tactics. The court, therefore, stays the proceedings in this case until Hand exhausts his claims currently pending in the state court. The court orders Hand to notify the court when the state proceedings have reached a conclusion.

**DATED** May 9, 2019.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge